**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

)
MONTGOMERY BLAIR SIBLEY,                    )
)
Plaintiff,                    )
)
v.                    )     Civil Action No. 12-cv-00001 (JDB)
)
BARACK OBAMA, *et al.*,                    )
)
Defendants.                    )
_____          )

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(d), Defendants hereby reply in support of their motion to

dismiss.

**A. Plaintiff's declaration of write-in candidacy for the upcoming presidential election
does not confer standing to challenge the President's current term in office.**

As explained in Defendants' prior brief, Plaintiff lacks standing to support a claim

challenging the President's current tenure in office. *See* Mot. to Dismiss Plaintiff's Amended

Complaint, dkt. no. 12 ("MTD"). "[T]he core component of standing is an essential and

unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560-61 (1992), and Plaintiff has not suffered the "concrete and

particularized" injury required to support his claim seeking that the Court "oust" President

Obama from office. *Id.*; *see* MTD at 6-10. Importantly, Plaintiff has not suffered such an injury

with respect to his only proper claim under the quo warranto statute, D.C. Code 16-3501 *et seq.*,

because he makes no allegation that he is "actually entitled to the office" of President of the

United States at the current time. *See* MTD at 9 (*citing Taitz v. Obama*, 707 F.Supp. 2d 1 at n.1

(D.D.C. 2010)); MTD at 3-4 (explaining that quo warranto is a procedure for removing an officeholder, not for a prospective challenge to a candidate's eligibility). Absent an injury associated with the President's current tenure in office, Plaintiff lacks the necessary standing to bring a claim seeking the President's removal from office.

The conclusion that Plaintiff lacks standing to bring this claim is unaffected by Plaintiff's flawed reliance in his opposition on the analogy to "disqualifi[cation] as a judge or juror" presented in *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 547 (1915). *See* Memorandum in Opposition, dkt. no. 15 ("Opp.") at 24-25. In Plaintiff's view, because his declaration of write-in candidacy could lead to his "disqualifi[cation] as a judge or juror" from hearing this case, Congress has therefore granted him standing as an "interested person." *Id.* Plaintiff's analysis is flawed in two respects. First, the argument that Congress has granted him standing erroneously assumes that the barrier to his claim is one merely of prudential standing, which "Congress by legislation 'may expand.'"[1] *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007) (*quoting Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979)). It is not. Plaintiff did not run for President in 2008 and has identified no concrete and particularized injury that he suffers from President Obama's current tenure in office. As a result, Plaintiff lacks constitutional standing under Article III, not merely prudential standing, and Congress "cannot expand standing beyond the Article III jurisdiction of federal courts." *Teva*, 482 F.3d at 1338.

---

[1] In distinguishing between "prudential standing" and "constitutional standing", the Court of Appeals recently explained that the requirement of "an injury in fact" is "implicit in Article III's limitation of the federal judicial power to actual 'Cases' and 'Controversies'." . . . In addition to [the] minimum constitutional requirements, courts have recognized prudential limitations on standing not strictly compelled by the Constitution's text." *Laroque v. Holder*, 650 F.3d 777, 781-82 (D.C. Cir. 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

More fundamentally, Plaintiff's misappropriation of the analogy to judicial impartiality conflates his genuine interest in obtaining a favorable legal precedent for future use with a constitutionally-cognizable injury sufficient to underpin his claim. Plaintiff's impartiality might well be questioned in the context of a properly-constituted quo warranto claim against the President because, in the unlikely event such a claim succeeded on the merits, *see* MTD at 1-2, it would provide Plaintiff with a favorable precedent if he needed to challenge the President's eligibility in the future were he to become "actually entitled to the office." But the absence of such a favorable precedent is not the same as an actual, concrete injury that supports standing for his quo warranto claim against the President today.

**B.     Plaintiff has not alleged an actual injury to his First Amendment right to access the courts.**

Although Plaintiff correctly observes that the chilling of First Amendment rights can constitute a concrete and particularized injury sufficient to support standing, his opposition fails to address the absence of any allegation of such injury in his complaint.[2]

The essence of Article III's standing requirement is to ensure that "legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context." *American Legal Foundation v. FCC*, 808 F.2d 84, 88 (D.C. Cir.

---

[2] To the extent Plaintiff is arguing that his *Bivens* claims should be treated as a First Amendment retaliation claim, *see* Opp. at 39-40, review of his Amended Complaint demonstrates that he has not alleged the "five basic elements" that his own filing contends are necessary to state "a viable claim of First Amendment retaliation." *Id.* Plaintiff correctly quotes the five elements from the Ninth Circuit's *Rhodes v. Robinson*, which include an "assertion that a state actor took some adverse action against an [individual] <u>because of [] that [person's] protected conduct</u> …" 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (Calabresi, J.) ("to sustain a First Amendment retaliation claim, a prisoner must demonstrate [] (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."). Nowhere in Plaintiff's Amended Complaint is there any description, statement, or allegation regarding any protected conduct for which Defendants were allegedly retaliating or any causal connection between such conduct and Defendants' alleged actions. Plaintiff has therefore failed to plead the requisite elements of a retaliation claim.

1987). The conclusory allegation of a chilling effect in Plaintiff's complaint, particularly where

Plaintiff's own conduct suggests an absence of interference with his ability to access the courts,

*see* MTD at 18-19, is inadequate to place this dispute in the necessary factual context. For this

reason, the Second Circuit has long held that "a bare assertion [of] a chilling effect upon [] First

Amendment rights" is not an adequate allegation of a cognizable injury sufficient to withstand a

motion to dismiss. *Spear v. West Hartford*, 954 F.2d 63, 67-68 (2d Cir. 1992); *cf. Zherka v.*

*Amicone*, 634 F.3d 642, 645 (2d Cir. 2011) ("private citizens claiming retaliation for their

criticism of public officials have been required to show that they suffered an actual chill in their

speech as a result.") (internal quotations omitted). Plaintiff's complaint falls far short of alleging

an "actual chill" or a concrete injury.

Indeed, a comparison of Plaintiff's allegations to those of the plaintiffs in the cases cited

in Plaintiff's opposition demonstrates the shortcomings of his complaint. *See* Amended

Complaint, dkt. no. 5, at ¶9, ¶¶36-39; Opp. at 40-41. For example, in *White v. Lee*, the plaintiffs

alleged that absent the harassment they alleged, they would "in the future likely engage in

activities similar to those" that promoted the harassment. 227 F.3d 1214, 1225 (9th Cir. 2000).

Likewise, in *Husain v. Springer*, the Second Circuit observed that "[U.S. District] Judge Gershon

noted that chill was reflected in the College Voice's coverage of subsequent student elections."

494 F.3d 108, 120 (2nd Cir. 2007). And in *Nat'l Commodity & Barter Ass'n v. Archer*, the

plaintiff trade organization's allegations stemmed from the chilling of prospective members'

associational rights stemming from a seizure of the organization's membership list. *See*, 31 F.3d

1521 (7th Cir. 1994). These cases demonstrate the opposite of what Plaintiff contends: his

conclusory allegations of speculative harm do not meet the standards required by Article III.

Defendants find that Plaintiff's remaining arguments are well-addressed by the points and authorities set forth in Defendants' motion to dismiss. For the reasons therein, as well as the arguments above, Defendants therefore respectfully request that the motion to dismiss be granted.

Dated: April 23, 2012

Respectfully submitted,

.                                                             STUART F. DELERY
                                                               Acting Assistant Attorney General
                                                               ELIZABETH J. SHAPIRO
                                                               Deputy Branch Director

                                                               */s/ Eric J. Soskin*_____
                                                               ERIC J. SOSKIN (PA Bar # 200663)
                                                               United States Department of Justice
                                                               Civil Division, Federal Programs Branch
                                                               20 Massachusetts Ave., NW,
                                                               Washington, D.C. 20001
                                                               Room 5134
                                                               eric.soskin@usdoj.gov
                                                               Tel: (202) 353-0533
                                                               Fax: (202) 616-8202
                                                               *Attorney for Defendants*

5

**CERTIFICATE OF SERVICE**

I certify that a copy of this motion has been served electronically on Plaintiff, Montgomery Blair Sibley, on April 23, 2012. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), Mr. Sibley has consented to receive service by electronic means.

Mr. Sibley has been served at the following address:
mbsibley@gmail.com


/s/ Eric J. Soskin
ERIC J. SOSKIN
Trial Attorney