## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *EX RELATOR*,
MONTGOMERY BLAIR SIBLEY, *ET AL.,*

                PETITIONER/PLAINTIFF,

VS.

BARACK HUSSEIN OBAMA, II, *ET AL.,*

                RESPONDENTS/DEFENDANTS.

_____/

CASE NO.: 12-cv-00001 (JDB)

**SIBLEY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioner/Plaintiff, Montgomery Blair Sibley ("Sibley"), files this, his Notice of Supplemental Authority in Opposition to Defendants' Motion to Dismiss the First Amended Complaint, and states as follows:

In their Motion to Dismiss, attorneys for the government Respondents argued that: "The D.C. Code also contains provisions for challenging nominations and commits responsibility for judicial review of D.C. elections to the D.C. Court of Appeals, not the federal courts. See D.C. Code § 1-1001.11; *cf. Best v. D.C. Bd. of Elections & Ethics*, 852 A.2d 915, 918 (D.C. Ct. App. 2004) (holding that the statutory authority of the D.C. Court of Appeals "extends to correcting any defect in the [electoral] process serious enough to vitiate the election as a fair expression of the will of the voters."). (Def. Motion to Dismiss, p. 5-6).

However, other government attorneys have argued the opposite.  In *Sibley vs D.C. Bd. of Elections & Ethics*, Case No.: 12-AA-516, (D.C. Court of Appeals),  a Petition to Review the Board's determination that Barack Hussein Obama, II, ("Obama") is eligible to be President and on the ballot in November, the same government's attorneys have argued the opposite.  In particular,

1



those attorneys argued: (i) the D.C. Court of Appeals Lacks Jurisdiction to Hear This Matter Under

D.C. Official Code §11-722, (ii) Preliminary Determinations of Candidate Eligibility Are Not

Rulings Issued in Adjudicative Hearings Required by Law, (iii) Certifications of Election Results

Are Not Rulings Issued in Adjudicative Hearings Required by Law and (iv) the D.C. Court of

Appeals Court Lacks Jurisdiction to Hear This Matter Under D.C. Official Code §1-1001.11(b). A

copy of the Motion to Dismiss in 12-AA-516 is attached hereto.

In sum, contrary to the instant Respondents' arguments to this Court, the same government's

attorneys argue that neither the D.C. Board of Elections and Ethics nor the D.C. Court of Appeals

have jurisdiction to determine the Article II, §1 eligibility of Obama to be President.

Moreover, the Congressional Research Service has declared that:

> It should be noted that there is currently no requirement under federal
> law, nor was there under state law in 2008, for any federal candidate,
> that is, candidates to the U.S. Senate, the House of Representatives,
> or the office of President, to publish, produce, or release an official
> "birth certificate. Under the inclusive democratic tradition within the
> United States, there has never been any federal officer or bureaucracy
> which acts as a "gatekeeper" controlling who may be a federal
> candidate. Rather, there is in this country a general legal presumption
> of eligibility of the adult citizenry to hold political office and, as
> noted as early as 1875 by former U.S. Court of Appeals Judge, and
> former Member of Congress (and chairman of the Committee on
> Elections), George W. McCrary, in his book, A Treatise on the
> American Law of Elections, discussing federal congressional
> elections, the legal presumption is always of eligibility, and thus the
> initial burden of proof is always upon those who challenge a
> candidate's eligibility, and not on a candidate to "prove" eligibility.

*Qualifications for President and the "Natural Born" Citizenship Eligibility Requirement.*[1] As such,

---

[1]     Retreived from:
http://www.scribd.com/doc/74176180/Qualifications-for-President-and-the-%E2%80%9CNatura
l-Born%E2%80%9D-Citizenship-Eligibility-Requirement

it appears that this Court through the Congressionally-authorized *quo warranto* proceedings is the sole jurisdiction which is vested with the jurisdiction to determine Presidential eligibility.

As such, given the pressing national interest in a the forthcoming election, time is of the essence. If this matter is not resolved prior to the Democratic Convention scheduled for September 3, 2012, not only Sibley but the Nation as a whole will suffer irreparable injury. The importance of a prompt resolution of the federal constitutional questions presented by this case cannot be overstated.

### CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2012, a true copy of the foregoing was caused to be served on the following by U.S. First Class Mail, postage Pre-paid: Eric J. Soskin, United States Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Ave., NW, Room 5134, Washington, D.C. 20001 (email: eric.soskin@usdoj.gov), Tel: (202) 353-0533/Fax: (202) 616-8202.

MONTGOMERY BLAIR SIBLEY
PETITIONER/PLAINTIFF
4000 Massachusetts Ave, NW, #1518
Washington, D.C. 20016
Voice/Fax: 202-478-0371

By: _____
        Montgomery Blair Sibley

**DISTRICT OF COLUMBIA
COURT OF APPEALS**

| | |
|---|---|
| Montgomery Blair Sibley | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| District of Columbia | ) |
| Board of Elections | ) |
| | ) |
| Respondent. | ) |

No. 12-AA-516
Petition for Review

### RESPONDENT DISTRICT OF COLUMBIA
### BOARD OF ELECTIONS' MOTION TO DISMISS

Respondent District of Columbia Board of Elections ("the Board"), by and through its undersigned counsel, respectfully moves this honorable court to dismiss the Petition for Review for lack of jurisdiction.

In support of its Motion to Dismiss, the Board respectfully refers the court to the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

Kenneth J. McGhie, Bar No. 385313

Terri D. Stroud, Bar No. 465884
District of Columbia Board of Elections
One Judiciary Square
441 4th Street, NW, Suite 270N
Washington, DC 20001
202.727.2194

Counsel for Respondent

DISTRICT OF COLUMBIA
COURT OF APPEALS

| | | |
|---|---|---|
| Montgomery Blair Sibley | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-AA-516 |
| | ) | Petition for Review |
| District of Columbia | ) | |
| Board of Elections | ) | |
| | ) | |
| Respondent. | ) | |

RESPONDENT DISTRICT OF COLUMBIA
BOARD OF ELECTIONS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS

Pursuant to D.C. App. R. 13 (a), the respondent Board of Elections moves this honorable

court to dismiss this Petition for Review for lack of jurisdiction.  In support of its Motion to

Dismiss, respondent Board states the following:


I.  **Procedural Background**

On November 4, 2008, Barack Obama ("Candidate Obama") was elected President of the

United States of America ("President").  He was inaugurated as President on January 20, 2009,

and is currently serving in that office.


On November 29, 2011, Candidate Obama filed with the Board an Affidavit of

Democratic Presidential Candidate that indicated his consent to have his name placed on the

ballot as a candidate for Democratic Party presidential nominee in the District's April 3, 2012

Presidential Preference Primary Election ("the Primary").  On December 30, 2011 and January 4,

2

2012, representatives of Candidate Obama's campaign filed nominating petitions and supplements thereto, respectively, with the Board.  On January 7, 2012, the Board posted Candidate Obama's nominating petition for a 10-day period for purposes of inspection and potential challenge.  There was no challenge filed to Candidate Obama's nominating petition.

On January 9, 2012, the Board's Executive Director, Clifford D. Tatum, sent a letter to a representative of Candidate Obama's campaign which stated that the Board had preliminarily determined that Candidate Obama met the qualifications to appear on the ballot as a candidate for Democratic Party presidential nominee in the Primary.  The Board administered the Primary on April 3, 2012.  Petitioner Sibley did not vote in the Primary.

On April 18, 2012, the Board certified the results of the Primary.  The certified results indicated that Candidate Obama had won the contest to be the Democratic Party presidential nominee, garnering 56,503 votes, over 96% of the votes cast in that contest.  Accordingly, Candidate Obama will appear on the ballot as the Democratic Party presidential nominee in the District's November 6, 2012 General Election.  Petitioner Sibley, a registered voter in the District of Columbia, filed a Petition for Review with this court on April 18, 2012.

## II. Discussion

### A. This Court Lacks Jurisdiction to Hear This Matter Under D.C. Official Code § 11-722

The petitioner attempts to invoke this court's jurisdiction pursuant to D.C. Code § 11-722 (2001), the statutory provision that enables this court to review Board decisions and orders in accordance with the District of Columbia Administrative Procedure Act ("the "DCAPA").  The

DCAPA mandates that this court's direct review of Board decisions and orders is limited to those resulting from contested cases, *i.e.*, "proceeding[s] ... in which the legal rights, duties, or privileges of specific parties are required by any law (other than [the DCAPA]), or by constitutional right, to be determined after a hearing before ... an agency[.]" D.C. Code § 2-502(8) (2011 Repl.).

This court has consistently reasoned that the hearing referred to in the contested case definition must necessarily be adjudicative in nature, a "trial-type hearing [that] is implicitly required by either the organic act or by constitutional right." *Chevy Chase Citizens Ass'n v. District of Columbia Council,* 327 A.2d 310, 314 (D.C.1973). *See also J.C. & Assoc. v. District of Columbia Board of Appeals and Review,* 778 A.2d 296, 298 (D.C. 2001) ("Our jurisdiction to afford direct review of agency actions is limited to rulings issued in the course of "contested cases," meaning proceedings in which the parties' rights are required by "law" to be determined after an adjudicative hearing."); *Timus v. District of Columbia Department of Human Rights*, 633 A.2d 751, 756 ("To establish direct review jurisdiction in this court, therefore, 'a petitioner must overcome two obstacles': the first obstacle ... is that an administrative hearing must be either statutorily or constitutionally compelled; the second, that such a hearing must be adjudicatory as opposed to legislative in nature.") The actions petitioner Sibley complains of -- the Executive Director's determination that Candidate Obama was qualified to appear on the ballot in the Primary, and the Board's certification of Candidate Obama as the winner of the contest for Democratic Party presidential nominee in the Primary – were not rulings that were issued in the course of adjudicatory hearings that were required by law.  Indeed, with respect to each action,

there was no hearing at all. As a result, this court lacks jurisdiction to review these actions, and the petition must be dismissed.

### 1. Preliminary Determinations of Candidate Eligibility Are Not Rulings Issued in Adjudicative Hearings Required by Law

It must be noted that the Board itself does not issue preliminary determinations regarding candidates' eligibility to hold elected office in the District; that function is performed by the Board's Executive Director or his or her designee. 3 DCMR § 602.4 (2007). The Executive Director's determination is "based solely upon information contained in the Declaration of Candidacy and Affidavit of Qualifications and upon information contained in other public records and documents as may be maintained by the Board." 3 DCMR § 602.6 (2007). A preliminary determination of a candidate's eligibility, then, is the outcome not of any hearing before the Board, adjudicatory or otherwise, but rather of the Executive Director's analysis of the responses provided in the Declaration of Candidacy and Affidavit of Qualifications ("the Declaration"), which requires a candidate to disclose, *inter alia*, his or her name, address, telephone number, the office sought, and party affiliation and electoral jurisdiction, if applicable. The Declaration also mandates that the candidate swear or affirm, under penalty of false statement, that he or she meets the qualifications to hold the office sought.

The process for preliminarily determining a candidate for presidential nomination's qualifications to appear on a presidential preference primary ballot is distinct from that provided for aspiring elected officials in the District of Columbia, who must file the aforementioned Declarations. Rather than submitting Declarations, presidential nomination candidates seeking presidential preference primary ballot access must merely file affidavits in which they consent to

having their names appearing on the ballot. *See* 3 DCMR § 1403.2 (2007).  Consequently, the Executive Director's preliminary determination that Candidate Obama met the qualifications to appear on the ballot as a candidate for Democratic Party presidential nominee in the Primary was based upon a finding that he submitted an Affidavit of Democratic Presidential Candidate. Notwithstanding the variation in the methods for preliminarily determining whether a candidate may appear on an election ballot, neither scheme requires an adjudicative hearing in advance of the determination, and there was not one in this instance.

### 2. Certifications of Election Results Are Not Rulings Issued in Adjudicative Hearings Required by Law

As is the case with preliminary determinations of candidate eligibility, certifications of election results are not rulings issued in the course of contested cases. *See White v. District of Columbia Bd. of Elections and Ethics*, 537 A.2d 1133, 1135 n.2 (D.C. 1988) ("We need not decide whether the certification of election results is an "order or decision" within the meaning of § 11-722 because we conclude it is not a "contested case" under § [2-510(a)], which specifically excludes "proceedings in which decisions rest solely on ... elections." *Id.* § [2-502(8)(C)]").  Rather, certification is a ministerial act whereby the Board finalizes the results of an election and declares the official winners, if any, of the election's contests.

Generally, under the Board's rules, the candidates who receive the most votes in their contests are declared the winners.  It is undisputed that Candidate Obama was the top vote-getter in the contest for Democratic Party presidential nominee in the Primary; as noted above, he won over 96% of the votes cast in that contest.

6

Moreover, there was no impediment to the Board certifying Candidate Obama as the winner of the contest, as there was neither a determination nor even a claim that he was ineligible to hold the office of President. *See* D.C. Code § 1-1001.10 (b)(1) (2011 Repl.) ("If after the date of an election and prior to the certification of the election results, the qualified candidate who has received the highest number of votes dies, withdraws, or is found to be ineligible to hold the office, or in the event no candidate qualifies for election, the Board shall declare no winner[.]"). Registered voters in the District, including petitioner Sibley, had a full and fair opportunity to challenge Candidate Obama's qualifications to serve as President of the United States prior to his name being placed on the Primary ballot as a candidate for Democratic Party presidential nominee. *See Lawrence v. District of Columbia Bd. of Elections & Ethics*, 611 A.2d 529 (D.C.1992) ("Thus, we read broadly the provision of [D.C. Code § 1-1001.08(o)] allowing challenges to "the validity" of any petition as establishing a mechanism for review of challenges to the placing of a proposed nominee on the ballot both as to qualifications and to procedural formalities."). Yet no challenge was filed to Candidate Obama's qualifications to serve as President.

The Board's certification of Candidate Obama as the winner of the contest for Democratic Party presidential nominee was a ministerial act administered in accordance with District law. More significantly, it was not a ruling issued in the course of a contested case. Therefore, this court lacks jurisdiction to review it.

7

**B. This Court Lacks Jurisdiction to Hear This Matter Under D.C. Official Code § 1-1001.11(b)**

It is clear that this court lacks jurisdiction to review the actions petitioner Sibley complains of under D.C. Official Code § 11-722 (2001).  Lest he attempt to persuade this court that it may still hear this matter under the provision of the Election Code that enables this court to review elections after the certification of election results, the Board asserts that that judicial review provision may not be invoked with respect to the Primary.

Under D.C. Code § 1-1001.11 (b)(1) (2011 Repl.), "any person who voted in [an] election" may petition this court to review that election within 7 days after the Board certifies the election's results.  In response to such a petition for review, this court may "void an election ... if it ... [d]etermines that the candidate certified as the winner of the election does not meet the qualifications required for office[.]"  D.C. Code § 1-1001.11 (b)(2)(A) (2011 Repl.).  Petitioner Sibley did not vote in the Primary.  Therefore, he did may not now ask that this court void that election on the grounds that Candidate Obama did not meet the qualifications required for office pursuant to D.C. Code § 1-1001.11 (b) (2011 Repl.).

**III. Conclusion**

For the foregoing reasons, Respondent Board's Motion to Dismiss petitioner Sibley's Petition for Review should be granted.

Respectfully submitted,

Kenneth J. McGhie, Bar No. 385313

Terri D. Stroud, Bar No. 465884

8

District of Columbia Board of Elections
One Judiciary Square
441 4th Street, NW, Suite 270N
Washington, DC 20001
202.727.2194

Counsel for Respondent

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing Motion to Dismiss were served by hand-delivery this 3rd day of May, 2012 on:

Montgomery Blair Sibley
4400 Massachusetts Avenue, N.W.
#1518
Washington, D.C. 20016

Terri D. Stroud