APPEAL,CLOSED,JURY,PROSE−NP,TYPE−F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:12−cv−00001−JDB

SIBLEY v. OBAMA et al  
Assigned to: Judge John D. Bates  
Demand: $1,000,000  
Cause: 28:1331 Federal Question: Other Civil Rights  

Date Filed: 01/03/2012  
Date Terminated: 06/06/2012  
Jury Demand: Plaintiff  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question  

**Plaintiff**

**MONTGOMERY BLAIR SIBLEY**  
*Individually*

represented by **MONTGOMERY BLAIR SIBLEY**  
4000 Massachusetts Avenue, NW  
Suite 1518  
Washington, DC 20016  
(202) 478−0371  
Fax: (202) 478−0371  
Email: mbsibley@gmail.com  
PRO SE

V.

**Defendant**

**BARACK HUSSEIN OBAMA, II**

represented by **Eric J. Soskin**  
U.S. DEPARTMENT OF JUSTICE  
20 Massachusetts Avenue, NW  
Room 7326  
Washington, DC 20530  
(202) 353−0533  
Email: eric.soskin@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC HIMPTON HOLDER, JR.**  
*U.S. Attorney General*

represented by **Eric J. Soskin**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE #1**  
*Deputy Marshal*

represented by **Eric J. Soskin**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

| | | |
|---|---|---|
| **JOHN DOE #2** <br> *Deputy Marshal* | | **Eric J. Soskin** <br> (See above for address) <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **RONALD C. MACHEN, JR.** <br> *United States Attorney for the District of Columbia* | represented by | **Eric J. Soskin** <br> (See above for address) <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/03/2012 | 1 | | COMPLAINT against JOHN DOE #1, JOHN DOE #2, ERIC H. HOLDER, JR, RONALD C. MACHEN, JR, BARACK HUSSEIN OBAMA, II ( Filing fee $ 350, receipt number 4616044926) filed by MONTGOMERY BLAIR SIBLEY. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(jf, ) (Entered: 01/05/2012) |
| 01/03/2012 | | | Summons (3) Issued as to ERIC H. HOLDER, JR, RONALD C. MACHEN, JR, BARACK HUSSEIN OBAMA, II. (jf, ) (Entered: 01/05/2012) |
| 01/06/2012 | 2 | | Case Reassigned to Judge John D. Bates. Judge Amy Berman Jackson no longer assigned to the case. (jeb, ) (Entered: 01/06/2012) |
| 01/09/2012 | 3 | | MOTION to Expedite disposition, MOTION for CM/ECF Password, MOTION to conduct pre−service Discovery, MOTION for oral argument by MONTGOMERY BLAIR SIBLEY (jf, ) (Entered: 01/11/2012) |
| 01/09/2012 | 4 | | MOTION to Disqualify Judge Amy Berman Jackson by MONTGOMERY BLAIR SIBLEY (jf, ) (Entered: 01/11/2012) |
| 01/11/2012 | | | MINUTE ORDER: This case has been transferred to Judge John D. Bates pursuant to Local Civil Rule 40.5(a)(3), which states that "a case filed by a pro se litigant with a prior case pending shall be deemed related and assigned to the judge having the earliest case." Therefore, upon consideration of 4 plaintiff's motion to disqualify the Honorable Amy Berman Jackson, and the entire record herein, it is hereby ORDERED that plaintiff's motion is DENIED as moot. Signed by Judge John D. Bates on 1/11/2012. (lcjdb2) (Entered: 01/11/2012) |
| 01/31/2012 | 5 | | AMENDED COMPLAINT against JOHN DOE #1, JOHN DOE #2, ERIC H. HOLDER, JR, RONALD C. MACHEN, JR, BARACK HUSSEIN OBAMA, II filed by MONTGOMERY BLAIR SIBLEY.(dr) (Entered: 01/31/2012) |
| 01/31/2012 | 6 | | MOTION to the Court to Inform the Grand Jury by MONTGOMERY BLAIR SIBLEY (dr) (Entered: 01/31/2012) |
| 02/13/2012 | 7 | | NOTICE of Filing *Rule 201 Necessary Information* by MONTGOMERY BLAIR SIBLEY (dr) (Entered: 02/13/2012) |
| 02/23/2012 | 8 | | NOTICE *of Vacation* by MONTGOMERY BLAIR SIBLEY. "Leave to File GRANTED," Signed by Judge John D. Bates on 2/23/2012. (dr) (Entered: 02/24/2012) |

| | | | |
|---|---|---|---|
| 03/06/2012 | 9 | | USCA ORDER (USCA Case Number 12−5040). Upon consideration of the petition for writ of mandamus or, in the alternative, for a writ procedendum ad justiciam, it is ORDERED that the petition be denied. The district courts delay in ruling on the petition for writ of quo warranto is not so egregious or unreasonable as to warrant the extraordinary remedy of mandamus. (kb) (Entered: 03/07/2012) |
| 03/08/2012 | 10 | | MOTION for Extension of Time to File Answer by JOHN DOE #1, JOHN DOE #2, ERIC HIMPTON HOLDER, JR, RONALD C. MACHEN, JR, BARACK HUSSEIN OBAMA, II (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 03/08/2012) |
| 03/09/2012 | 11 | | Amended MOTION for Extension of Time to *Respond to Complaint (Unopposed)* by BARACK HUSSEIN OBAMA, II (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 03/09/2012) |
| 03/09/2012 | | | MINUTE ORDER: Upon consideration of 11 defendants' unopposed amended motion for an extension of time to respond to plaintiff's complaint, and the entire record herein, it is hereby ORDERED that defendants' motion is GRANTED; it is further ORDERED that defendants shall respond to plaintiff's complaint by not later than April 2, 2012; and it is further ORDERED that 10 defendants' motion for an extension of time to respond to plaintiff's complaint is DENIED AS MOOT. SO ORDERED. Signed by Judge John D. Bates on 3/9/2012. (lcjdb2) (Entered: 03/09/2012) |
| 04/02/2012 | 12 | | MOTION to Dismiss *Plaintiff's Amended Complaint* by JOHN DOE #1, JOHN DOE #2, ERIC HIMPTON HOLDER, JR, RONALD C. MACHEN, JR, BARACK HUSSEIN OBAMA, II (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 04/02/2012) |
| 04/04/2012 | 13 | | AMENDED NOTICE of Vacation by MONTGOMERY BLAIR SIBLEY (rdj) (Entered: 04/05/2012) |
| 04/06/2012 | 14 | | MOTION for Extension of Time to File Response/Reply as to 12 MOTION to Dismiss *Plaintiff's Amended Complaint*, MOTION for Leave to File *Oversized Opposition* by MONTGOMERY BLAIR SIBLEY (dr) (Entered: 04/10/2012) |
| 04/11/2012 | | | MINUTE ORDER: Upon consideration of 14 plaintiff's motion for enlargement of time to file opposition to motion to dismiss and leave to file oversized opposition, and the entire record herein, it is hereby ORDERED that plaintiff's motion is GRANTED with respect to enlargement of time and DENIED with respect to leave to file oversized opposition; and it is further ORDERED that plaintiff shall file his opposition by not later than April 24, 2012. SO ORDERED. Signed by Judge John D. Bates on 4/11/2012. (lcjdb2) (Entered: 04/11/2012) |
| 04/13/2012 | 15 | | Memorandum in opposition to re 12 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by MONTGOMERY BLAIR SIBLEY. (dr) (Entered: 04/16/2012) |
| 04/23/2012 | 16 | | REPLY to opposition to motion re 12 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by BARACK HUSSEIN OBAMA, II. (Soskin, Eric) (Entered: 04/23/2012) |
| 05/10/2012 | 17 | | NOTICE OF SUPPLEMENTAL AUTHORITY by MONTGOMERY BLAIR |

3

| | | | |
|---|---|---|---|
| | | | SIBLEY (dr) (Entered: 05/11/2012) |
| 06/06/2012 | 18 | 7 | ORDER denying 3 plaintiff's motion for the CM/ECF password and to conduct pre−trial discovery and 15 his request for oral argument; denying 5 plaintiff's amended certified petition for writs quo warranto and mandamus and request for declaratory relief and damages; denying 6 plaintiff's motion to inform the grand jury; and granting 12 defendants' motion to dismiss plaintiff's amended complaint. See text of Order for details. Signed by Judge John D. Bates on 6/6/2012. (lcjdb2) (Entered: 06/06/2012) |
| 06/06/2012 | 19 | 8 | MEMORANDUM OPINION. Signed by Judge John D. Bates on 6/6/2012. (lcjdb2) (Entered: 06/06/2012) |
| 06/14/2012 | 20 | 5 | NOTICE OF APPEAL as to 19 Memorandum &Opinion, 18 Order on Motion to Expedite, Order on Motion for CM/ECF Password, Order on Motion for Discovery, Order on Motion for Hearing, Order on Motion for Miscellaneous Relief, Order on Motion to Dismiss, by MONTGOMERY BLAIR SIBLEY. Filing fee $ 455, receipt number 4616049283. Fee Status: Fee Paid. Parties have been notified. (dr) (Entered: 06/19/2012) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, *Ex Relator*,
MONTGOMERY BLAIR SIBLEY, *ET AL.*,

CASE NO.: 12-cv-00001 (JDB)

PETITIONER/PLAINTIFF,

**PLAINTIFF'S NOTICE OF APPEAL**

vs.

BARACK HUSSEIN OBAMA, II, *ET AL.*,

RESPONDENTS/DEFENDANTS.
_____/

PLEASE TAKE NOTICE that Petitioner/Plaintiff Montgomery Blair Sibley hereby appeals to the United States Court of Appeals for the District of Columbia Circuit the June 6, 2012, Order dismissing this case with prejudice, a copy of which is attached hereto.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2012, a true copy of the foregoing was caused to be served on the following by U.S. First Class Mail, postage Pre-paid: Eric J. Soskin, United States Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Ave., NW, Room 5134, Washington, D.C. 20001 (email: eric.soskin@usdoj.gov), Tel: (202) 353-0533/Fax: (202) 616-8202.

MONTGOMERY BLAIR SIBLEY
PETITIONER/PLAINTIFF
4000 Massachusetts Ave, NW, #1518
Washington, D.C. 20016
Voice/Fax: 202-478-0371

By: _____
Montgomery Blair Sibley



RECEIVED
Mail Room

JUN 1 4 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY,<br><br>Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, II, *et al.*,<br><br>Defendants. | Civil Action No. 12-cv-1 (JDB) |

ORDER

Upon consideration of [12] defendants' motion to dismiss, [3] [5] [6] plaintiff's various motions, the several memoranda filed by the parties, and the entire record herein, and for the reasons stated in the Memorandum Opinion issued on this date, it is hereby

**ORDERED** that [5] plaintiff's amended certified petition for writs quo warranto and mandamus and request for declaratory relief and damages is **DENIED**; it is further

**ORDERED** that [3] plaintiff's motion for the CM/ECF password and to conduct pre-service discovery and [15] his request for oral argument are **DENIED**; it is further

**ORDERED** that [6] plaintiff's motion to inform the grand jury is **DENIED**; and it is further

**ORDERED** that [12] defendants' motion to dismiss plaintiff's amended complaint is **GRANTED** and all claims against the defendants are **DISMISSED**.

All of the claims in plaintiff's complaint are hereby dismissed.

/s/
JOHN D. BATES
United States District Judge

Dated: June 6, 2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY,<br><br>Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, II, *et al.*,<br><br>Defendants. | Civil Action No. 12-cv-1 (JDB) |

## ORDER

Upon consideration of [12] defendants' motion to dismiss, [3] [5] [6] plaintiff's various motions, the several memoranda filed by the parties, and the entire record herein, and for the reasons stated in the Memorandum Opinion issued on this date, it is hereby

**ORDERED** that [5] plaintiff's amended certified petition for writs quo warranto and mandamus and request for declaratory relief and damages is **DENIED**; it is further

**ORDERED** that [3] plaintiff's motion for the CM/ECF password and to conduct pre-service discovery and [15] his request for oral argument are **DENIED**; it is further

**ORDERED** that [6] plaintiff's motion to inform the grand jury is **DENIED;** and it is further

**ORDERED** that [12] defendants' motion to dismiss plaintiff's amended complaint is **GRANTED** and all claims against the defendants are **DISMISSED**.

All of the claims in plaintiff's complaint are hereby dismissed.

/s/
JOHN D. BATES
United States District Judge

Dated: June 6, 2012

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY,<br><br>Plaintiff,<br><br>v.<br><br>BARACK HUSSEIN OBAMA, II, *et al.*,<br><br>Defendants. | Civil Action No. 12-cv-1 (JDB) |

## MEMORANDUM OPINION

Plaintiff is a United States citizen who has filed with the District of Columbia Board of Elections and Ethics to qualify as a write-in candidate for the office of United States President. Plaintiff asserts so-called "birther" claims against President Barack Obama, aiming to have him ousted from office and to have his name removed from the ballot in November 2012 because he supposedly was not born in the United States. Plaintiff also sues Attorney General Eric Holder and United States Attorney for the District of Columbia Ronald Machen. Finally, plaintiff sues the United States Department of Justice, its sub-agency the United States Marshals Service, and two "John Doe" marshals who once escorted him around the federal courthouse in Washington, DC. Plaintiff claims these marshals chilled his rights to access court and petition the government, retaliated against him, and used excessive force.

Now before the Court are miscellaneous motions filed by plaintiff, as well as a motion to dismiss filed by defendants. In addition to seeking to oust President Obama from office and to bar him from the ballot, plaintiff has also petitioned for two writs of mandamus: the first

1

requiring that Attorney General Holder and U.S. Attorney Machen answer his quo warranto request, and the second requiring that the grand jury be informed that President Obama may have committed wire fraud in disseminating his allegedly falsified birth certificate. Plaintiff seeks a declaratory judgment that 18 U.S.C. § 1504 and Rule 6 of the Federal Rules of Criminal Procedure are unconstitutional, so that he can write directly to sitting grand jurors about Obama's alleged federal crime. Plaintiff also moves to be granted a CM/ECF password and the opportunity for pre-service discovery to identify the unnamed deputy marshals, and requests to present his case by oral argument. Finally, plaintiff seeks damages against the Department of Justice and its agents – the U.S. Marshals Service and the two deputies – for their alleged violations of his rights.

      For the reasons described below, the Court will deny plaintiff's motions. The Court will also grant defendants' motion to dismiss with respect to each of plaintiff's myriad unmeritorious claims. As Chief Judge Lamberth recently stated with respect to a similar suit, "[t]his Court is not willing to go tilting at windmills." *Taitz v. Obama,* 707 F. Supp. 2d 1, 3 (2011).

I. <u>Petition for Writs Quo Warranto</u>

      Plaintiff has filed a petition for writs "quo warranto" to remove President Obama from his current office and, also or alternatively, to bar him from running for the office of president again in the upcoming November election. Quo warranto is a "common-law writ used to inquire into the authority by which a public office is held." Black's Law Dictionary 1371 (9th ed. 2009). Plaintiff claims President Obama is not qualified to serve as president, now or in the future, because he is not a "natural born Citizen" of the United States per Article II, § 1 of the Constitution. That assertion is based mainly on alleged indications of fraud in the Certificates of Live Birth that President Obama released publicly to prove he was born in Hawaii. *See* Pl. Pet.,

Ex. F (Jan. 31, 2012) [Docket Entry 5].

Before this Court may evaluate the merits of his claims, plaintiff must demonstrate that he has the requisite standing to bring this lawsuit, and that the Court may grant the relief he seeks. Federal courts have jurisdiction over a case or controversy under Article III of the U.S. Constitution only if the plaintiff has standing to sue. *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). Standing under Article III requires: (1) violation of a legally protected interest that is personal to the plaintiff and actual or imminent, not conjectural or hypothetical; (2) a causal relation between the injury and the defendant's challenged conduct; and (3) likelihood that a decision for the plaintiff will compensate for the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen. *Drake v. Obama*, 664 F.3d 774, 779 (9th Cir. 2011) (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)). To establish standing in a case, the plaintiff must show that he has a "personal stake" in the alleged dispute, and that the injury is "particularized" as to him. *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

Plaintiff lacks standing to challenge President Obama's current tenure in office, just as others who have made similar claims contesting President Obama's eligibility for the presidency were found to lack standing. The injury plaintiff asserts is *not* particular to him. *See Kerchner*, 612 F.3d at 207 (citing *Berg v. Obama*, 586 F.3d 234, 238-39 (3d Cir. 2009)).

Self-declaration as a write-in candidate in the upcoming presidential election does not enable plaintiff to challenge President Obama's present position. *See* Pl.'s Pet., Ex. A (Jan. 31, 2012) [Docket Entry 5]. A public official's title to office is an injury particularized to an

3

individual only if that individual has "an interest in the office itself" – if he or she sought the office at the same time as the current officeholder. *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 550 (1915). Since Sibley was not a candidate in the 2008 presidential election, the injury he faces from President Obama's current tenure in office is generalized. It "seek[s] relief that no more directly and tangibly benefits him than it does the public at large [, so] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. The Court will dismiss plaintiff's claim for lack of standing, because "the defect of standing is a defect in subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1); *Haase v. Sessions,* 835 F.2d 902, 906 (D.C. Cir. 1987).

Furthermore, as a matter of statute, plaintiff is not entitled to institute a quo warranto proceeding himself. Under Chapter 16, § 3503 of the District of Columbia Code, an "interested person" may institute such a proceeding only if the Attorney General and the United States Attorney for the District of Columbia refuse to institute one on his request. Plaintiff submitted a request to Holder and Machen for them to begin a quo warranto action in November 2011, but he has not received an answer from them. Plaintiff has cited no law to support his assertion that a lack of response in this context should be considered a refusal. Since the refusal condition of D.C. Code § 16-3503 has not been met, plaintiff's quo warranto petition is not ripe.

Second, the scope of D.C. Code § 16-3503 has been interpreted narrowly by the D.C. Circuit, which has concluded that only the Attorney General or the United States Attorney has standing to bring a quo warranto action challenging a public official's right to hold office. *See Taitz,* 707 F. Supp. 2d at 3 (citing *Andrade v. Lauer,* 729 F.2d 1475, 1498 (D.C. Cir. 1984)). This Court is bound by the D.C. Circuit's decisions, which are based on the notion that challenges to a public official's authority concern a right of the entire public that only a public representative can protect. *See Taitz,* 707 F. Supp. 2d at 3 (citing *United States v. Carmody,* 148

4

F.2d 684, 685 (D.C. Cir. 1945)).  Therefore, this Court cannot grant plaintiff a writ of quo warranto to challenge President Obama's current presidency.

The 9th and 10th Amendments also do not entitle plaintiff to bring such a claim against a president in federal court. *See Smith v. Anderson*, 2009 U.S. Dist. LEXIS 108220, at *6 (D. Col. 2009).  The separation of powers doctrine expressed in the Constitution places the duty to select and remove the President not with individual citizens, but rather with the Electoral College and with the Congress, respectively. *See* U.S. Const. art. II, §§ 1, 4; *id*. amend. XII.  The judiciary is not empowered to implement or review such actions, as has been noted in prior opinions responding to the same challenge.  *See Kerchner*, 612 F.3d at 208; *Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206, at *40, *48 (C.D. Cal. 2009).

Plaintiff also seeks a writ of quo warranto preventing President Obama from appearing on the 2012 ballot.  Yet quo warranto is not a valid mechanism for challenging candidacy in an upcoming election.  Courts have permitted the writ of quo warranto to be used to challenge only *current* tenures in office, lest a suit arise – contrary to the doctrine of standing – from a future potential injury rather than a real, imminent one. *Broyles v. Commonwealth*, 309 Ky. 837, 839 (1949) ("[W]hen a quo warranto proceeding is commenced … [t]he term must have begun and the defendant have assumed, usurped or taken possession of the office.")  The statutory authority for the writ also limits its scope to challenges regarding a current officeholder.  A quo warranto writ may only be issued "against a person who within the District of Columbia *usurps*, *intrudes* into, or unlawfully *holds* or *exercises*, a franchise conferred by the U.S. or a public office of the U.S." D.C. Code § 16-3501 (emphasis added).

Hence, the Court will deny plaintiff's petition for writs quo warranto, as it has no jurisdiction to evaluate the merits of plaintiff's claim regarding President Obama's eligibility –

now or in the future – for the presidency.

## II. Mandamus Requests

Plaintiff's first mandamus request is for Attorney General Holder and U.S. Attorney Machen to be compelled to respond by either instituting a quo warranto proceeding or refusing to do so. The Court will dismiss this request for failure to state a claim upon which relief may be granted. Mandamus is an overly severe remedy for the situation at hand; it is to be utilized only for duties that are "indisputable" and "ministerial," and plaintiff cites no legal requirement for Holder and Machen to answer his request. *See 13th Regional Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). Moreover, granting mandamus would have no bearing on the outcome of plaintiff's effort: even if his request were formally refused, D.C. Circuit precedent bars his bringing a quo warranto action himself. *Andrade*, 729 F.2d at 1498.

Citing 18 U.S.C. § 1332, Sibley also seeks mandamus to require Machen to inform the grand jury of plaintiff's identity and President Obama's alleged wire fraud, as well as to reveal what action or recommendation was taken regarding this entreaty. The Court will deny the mandamus request, in keeping with prior decisions that 18 U.S.C. § 1332 cannot be enforced by private individuals. *See, e.g.*, *Wagner v. Wainstein*, 2006 U.S. App. LEXIS 16026, at *2 (D.C. Cir. June 22, 2006). Per § 1332, an individual may request that the U.S. Attorney present evidence of alleged offenses to the grand jury; but that does not directly benefit plaintiff, so it does not create Article III standing to enforce particular action by the U.S. Attorney. *Sargeant v. Dixon*, 130 F.3d 1067, 1069-70 (D.C. Cir. 1997).

## III. Demand for Declaratory Relief

Plaintiff seeks a declaration that he may communicate directly with members of the grand

6

jury regarding alleged criminal behavior by President Obama and other federal actors. He contends that 18 U.S.C. § 1504 and Rule 6 of the Federal Rules of Criminal Procedure, by forbidding his doing so, violate his First Amendment right to petition and his Fifth Amendment right to present evidence to the grand jury in an effort to seek an indictment or presentment.

Controlling precedent forecloses plaintiff's request. The grand jury's independence in the American legal system is intended not to allow individuals to present material to that body at will, but rather to protect those accused from oppression by the prosecutor or court. *Gaither v. United States*, 413 F.2d 1061, 1065 (D.C. Cir. 1969). The submission of evidence to a grand jury is at the discretion of the prosecuting attorney, and without his or the judge's approval, private individuals have no right to communicate with a federal grand jury. *In re New Haven Grand Jury,* 604 F. Supp. 453, 460 (D. Conn. 1985); *Baranoski v. United States Att'y Office*, 2006 U.S. Dist. LEXIS 2240, at *9 (D.N.J. 2006). The First Amendment right "to petition the Government for a redress of grievances," U.S. Const. amend. I, does not inherently include a right to communicate directly with the grand jury, and the Fifth Amendment right to "presentment or indictment of a Grand Jury" prior to being punished for a serious crime, U.S. Const. amend. V, simply does not mean (as plaintiff alleges) that any individual must be entitled to bring related accusations before that body.

There is, moreover, nothing unconstitutional about the federal rule or the statute at issue. Rule 6 eliminates the role of historical presentments, in line with judicial practice in this circuit. *Gaither*, 413 F.2d at 1065. And 18 U.S.C. § 1504, in conjunction with Rule 6, criminalizes direct communication of accusations by individuals to the grand jury. As described above, protection of the rights of those accused of crimes firmly justifies these measures; they are consistent with, not violative of, our constitutional structure. Plaintiff's argument that long-

established federal rules and statutes are unconstitutional merely because they prevent him from accomplishing his aims is unavailing.

IV. Request for Damages

Plaintiff's request for damages for alleged violations of his constitutional rights during his September 2009 visit to the federal courthouse in Washington, DC, will also be denied. Plaintiff suffered no harm, as his constitutional freedoms were not actually violated. Standing to support a claimed violation of an individual's right to access court requires demonstration of "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Yet plaintiff was merely required to be accompanied during his time in the building. *See* Pl.'s Compl. ¶ 9. He was never denied the ability to come into the courthouse and conduct his business, so there was no abrogation of any constitutional rights.

Moreover, plaintiff's citation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671, *et seq.*, in support of his claim is misguided, as there is no evidence that the marshals acted wrongfully or negligently in their actions during the incident at issue. The marshals were executing their established duty to protect the security of the federal building, for which they are permitted to impose restrictions on members of the public as necessary. *See United States v. Heldt,* 668 F.2d 1238, 1273-74 (D.C. Cir. 1981). Plaintiff cites *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 388-90 (1971), in support of his claim for damages, but the marshals have discretion to act reasonably in order to ensure the security of the courthouse. *See Klarfeld v. United States,* 944 F.2d 583 (9th Cir. 1992). That plaintiff's escort was armed does not constitute use of excessive force; the weapon is a necessary implement of the deputy marshal's job and was kept holstered in plaintiff's presence. Plaintiff simply fails to state a claim upon which relief can be granted based on the fairly routine actions

8

alleged, which caused plaintiff no apparent injury. Hence, the Court agrees with the administrative decision of the U.S. Marshals to deny plaintiff's request for damages.

### V. Motion for Pre-Service Discovery and Password

Plaintiff's motion for pre-service discovery to identify the John Doe deputy marshals involved in the September 2009 "incident" at the courthouse will also be denied. As discussed above, plaintiff has failed to state a claim against these defendants upon which relief can be granted, so there is no legal justification for pursuing such discovery.

As this Court has previously held, the Clerk's decision not to provide plaintiff with a password for the Court's CM/ECF system will be respected. Plaintiff is able to submit his filings in person, and has given no good reason why he must do so electronically (which requires the password). *See Sibley v. Obama*, 819 F. Supp. 2d 45, 51 (D.D.C. 2011). In any event, this decision terminates plaintiff's action in this Court.

### VI. Request for Oral Hearing

Because plaintiff's claims will be dismissed for lack of standing and failure to state a claim, there is no need for – and in any event no right to – oral argument. There are no justiciable issues of fact or law warranting further consideration here, so plaintiff's insistence on a hearing is unpersuasive.

### VII. Conclusion

For the reasons stated above, defendants' motion to dismiss will be granted and plaintiff's motions will be denied. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 6, 2012