# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 12-5198**     **September Term, 2012**

1:12-cv-00001-JDB

Filed On: December 6, 2012

Montgomery Blair Sibley, Individually,

    Appellant

v.

Barack Obama, et al.,

    Appellees



**BEFORE:** Rogers, Garland, and Brown, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See <u>Taxpayers Watchdog, Inc. v. Stanley</u>, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

With respect to plaintiff's petition for writs quo warranto, the district court was correct that, under this court's precedent, "actions against public officials (as opposed to actions brought against officers of private corporations) can *only* be instituted by the Attorney General." *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (emphasis in original). Moreover, the court was also correct that plaintiff is also ineligible for such a writ because he "does not set up any claim to the office" held by President Obama, *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 547 (1915). As the district court said, "self declaration as a write-in candidate" is insufficient, *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012), -- both because if it were sufficient any citizen could obtain standing (in violation of Article III of the U.S. Constitution) by merely "self declaring," and because the writ is only available for someone who would obtain the office if the incumbent were ousted, *see Newman*, 238 U.S. at 544, 547, 550-51.

With respect to plaintiff's petition to mandamus the Attorney General to act on his request to seek a quo warranto writ, the district court was correct to deny the writ because it is only available if "the plaintiff has a clear right to relief and the defendant has a clear duty to act." *Baptist Memorial Hospital v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010). The statute is phrased in the permissive ("the Attorney General

# United States Court of Appeals
### For The District of Columbia Circuit

No. 12-5198                                                      **September Term, 2012**

institute a proceeding . . . on his own motion or on the relation of a third person," D.C. Code § 16-3502) (emphasis added)), and there is no law or case requiring the Attorney General to respond, one way or the other, to a request from a third person. Hence, there can be no "clear duty." Moreover, as the district court also noted, even if the Attorney General were to respond by formally refusing plaintiff's request, "precedent bars his bringing a quo warranto action himself." *Sibley v. Obama*, 866 F. Supp. 2d at 21(citing *Andrade*, 729 F.2d at 1498).

      The district court was also correct in rejecting plaintiff's claim that statutes and rules that bar him from communicating his evidence directly with members of the grand jury violate the First and Fifth amendments. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9-10 (1986) (noting the grand jury as a "classic example" of a proceeding as to which there is no First Amendment "right of access"); *Wagner v. Wainstein*, No. 06-5052, 2006 U.S. App. LEXIS 16026, at *2 (D.C. Cir. June 22, 2006) (granting summary affirmance because a private citizen "lacks standing to force presentation of his alleged evidence to a grand jury"); *Sargeant v. Dixon*, 130 F.3d 1067, 1069-70 (D.C. Cir. 1997) (denying plaintiff's request to have his evidence presented to grand jury because the interest "in seeing that the laws are enforced [is] not legally cognizable within the framework of Article III").

      Petitioner's remaining claims are likewise without merit for the reasons stated by the district court.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                 **By:**    /s/
                            Timothy A. Ralls
                            Deputy Clerk